IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-19450 |
| THEODORE C. MAZOLA, ) | Chapter 11 |
| ) | Judge Donald R. Cassling |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 21st day of April, 2015 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in the room usually occupied by him as courtroom 619 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on March 27, 2015, and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 27th day of March, 2015.

/s/David K. Welch

## SERVICE LIST

United States Trustee *
219 S. Dearborn St.
Suite 873
Chicago, IL 60604

Scott N. Schreiber, Esq. *
Clark Hill PLC
150 N. Michigan Ave., #2700
Chicago, IL 60601

Rebecca S. Vicario, Esq. *
Kevin Hunt, Esq.
Stahl Cowen Crowley Addis, LLC
55 West Monroe, Suite 1200
Chicago, IL 60603

Edmond M. Burke*
Chuhak Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, IL 60606-7413

Joel A. Stein*
Deutsch, Levy & Engel, Chtd.
225 W. Washington St.., Suite 1700
Chicago, IL 60606

Richard H. Fimoff*
Robbins, Salomon & Patt, Ltd.
180 North LaSalle St., Suite 3300
Chicago, IL 60601

Scott A. Nehls*
Fuchs & Roselli, Ltd.
440 W. Randolph Street
Suite 500
Chicago, IL 60606

Steven R. Rappin *
Hauselman, Rappin & Olswang, Ltd.
39 South LaSalle St., Suite 1105
Chicago, IL 60603

Theodore Mazola*
c/o New West Realty
928 South Bishop
Chicago, IL 60607

August Mauro*
c/o New West Realty
928 South Bishop
Chicago, IL 60607

1555 Investors
c/o Harrison Held
333 W. Wacker Drive, Suite 1700
Chicago, IL 60606

Alberto Pagan
3221 N. Oak Park Ave.
Chicago, IL 60634

Allied Waster Service
PO Box 9001154
Louisville, KY 40290

American Express
Box 0001
Los Angeles, CA 90096-8000

Austin Bank of Chicago
5645 W. Lake Street
Chicago, IL 60644

Austin Bank of Chicago
6400 W North Ave.
Elmwood Park, IL 60707

Brown Udell Pomeranz, Ltd.
1332 N. Halsted
Suite 100
Chicago, IL 60620

C Mazola 2003 Trust
c/o New West Realty
928 S. Bishop St., 2nd Floor
Chicago, IL 60607

Carmen DeSanto
2938 S. Normal
Chicago, IL 60616
Charlotte DeSanto
2938 S. Normal
Chicago, IL 60616

Chase Bank
P.O. Box 7842
Phoenix, AZ 85062-8420

Chuck Papp
8811 S. Grant
Burr Ridge, IL 60527

Chuhak & Tecson, P.C.
30 S. Wacker Drive
26th Floor
Chicago, IL 60606-7413

City of Chicago
Department of Finance
33 N. LaSalle Street
Chicago, IL 60602

Clausen Miller PC
10 S. LaSalle Street
Chicago, IL 60603

ComEd
Payment Processing
P.O. Box 6111
Carol Stream, IL 60197-6111

Community Investment Corp.
222 S. Riverside Plaza
Suite 2200
Chicago, IL 60606

Cook County Treasurer
118 N. Clark
Suite 112
Chicago, IL 60602

Crystal Clear Cleaning Services
3602 N. Pine Grove Ave. Suite 2D
Chicago, IL 60613

Department of Water
PO Box 6330
Chicago, IL 60680

Federal Rent-A-Fence
PO Box 266
West Berlin, NJ 08091

Fire Pros, Inc.
PO Box 436
Medinah, IL 60157

Firestar Communications
211 E. Ontario
Suite 700
Chicago, IL 60608

First Merit Bank
501 W. North Avenue
Melrose Park, IL 60160

Flood Brothers Disposal
PO Box 95229
Palatine, IL 60095

Fuchs & Roselli, Ltd.
440 W. Randolph
Suite 500
Chicago, IL 60606

Gremley and Biederman
PO Box 92170
Elk Grove Village, IL 60009

H.W. Lochner, Inc.
20 N. Wacker Drive
Suite 1200
Chicago, IL 60606

Harrison & Held LLP
333 W. Wacker Drive
Suite 1700
Chicago, IL 60606

Hartshorne & Plunkard, Ltd.
232 N. Carpenter Street
Chicago, IL 60607

Hinsdale Bank & Trust
25 E. First Street
Hinsdale, IL 60521

Home Depot Credit Services
P.O. Box 183175
Columbus, OH 43218-3175

Illinois Department of Revenue
100 W. Randolph Street
7th Floor
Chicago, IL 60601

Inland Electrical
611 W. Jefferson
Shorewood, IL 60404

Internal Revenue Service
Cincinnati, OH 45999-0025

JP Morgan Chase Bank
PO Box 78420
Phoenix, AZ 85062-8420

L.D. Flooring Company Inc.
1354 Ridge Ave.
Elk Grove Village, IL 60007

Laner Muchin
515 N. State
Suite 2800
Chicago, IL 60654

Leaders Bank
PO Box 3516
Oak Brook, IL 60522-3516

M&M Corporation of Chicago
928 S. Bishop Street
2nd Floor
Chicago, IL 60607

M&M RE Holdings
c/o New West Realty
928 S. Bishop St., 2nd Floor
Chicago, IL 60607

Marc Schwartz
Rob Guttmann
333 W. Wacker Dr., Suite 1700
Chicago, IL 60606

Marcus & Boxerman, LLP
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Marty and Murtha Rooney
2757 Botticelli Drive
Henderson, NV 89052

Meltzer, Purtill & Stelle LLC
1515 E. Woodfield Rd.
2nd Floor
Schaumburg, IL 60173

Neil Lori
c/o Olympia Maintenance
3025 W. Soffel Ave.
Melrose Park, IL 60160

New West Realty Associates
928 Bishop Street
Chicago, IL 60607

New West Realty Associates LLC
928 S. Bishop Street
Chicago, IL 60607

NW Construction
2001 Des Plaines Ave.
Forest Park, IL 60130

P Mauro 2003 Trust
c/o New West Realty
928 S. Bishop St., 2nd Floor
Chicago, IL 60607

Panos Brothers
10522 S. 80th Court
Palos Hills, IL 60465

Peoples Gas
Chicago, IL 60687

Private Bank
70 W. Madison
Chicago, IL 60602

Receivables Performance Management
PO Box 1548
Lynnwood, WA 98046-1548

Restore Construction Co., Inc.
11241 Melrose Ave.
Franklin Park, IL 60131

Royal Oaks Corp.
7322 W 90th Street
Bridgeview, IL 60455

Sallie Mae
Dept of Education Loan Service
PO Box 740351
Atlanta, GA 30374-0351

Sallie Mae
Dept of Education Loan Services
PO Box 9635
Wilkes Barre, PA 18773-9635

Service Sanitation, Inc.
135 Blaine Street
Gary, IN 46406

Steinberg Advisors, Ltd.
5 Revere Drive
Northbrook, IL 60062

Sulzer & Shopiro, Ltd.
111 W. Washington
Suite 855
Chicago, IL 60607

Terminix Commercial
PO Box 742592
Cincinnati, OH 45274

Tom Hayes
c/o Fuchs & Roselli, Ltd.
440 W. Randolph, Suite 500
Chicago, IL 60606

Ungaretti & Harris
Three First National Plaza
70 W Madison, Suite 3500
Chicago, IL 60602

Urban Strategies, Inc.
212 W. Washington Street
Suite 1904
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

THEODORE C. MAZOLA,

Debtor/Debtor-in-Possession.

Case No. 13-19450
Chapter 11
Judge Donald R. Cassling

## NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL AND FOR RELATED RELIEF

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on March 27, 2015, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $108,412.50 for legal services rendered to the Debtor for the period commencing April 1, 2014 through and including February 28, 2015, plus costs advanced for the same period in the sum of $2,691.21.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **17th day of April, 2015**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Donald R. Cassling, Bankruptcy Judge, Courtroom No. 619, 219 South Dearborn Street, Chicago, Illinois, on the **21st day of April, 2015, at the hour of 9:30 a.m.**, at which time and place you may appear if you so see fit.

DATED: March 27, 2015

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq.(Atty. No. 03124481)
Scott R. Clar, Esq. (Atty. No. 06183741)
Jeffrey C. Dan. Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705, Chicago, IL 60603
TEL: (312) 641-6777 FAX: (312) 641-7114
W.:GRACE\Ted Mazola\Pay Fee Notice 2.FINAL.NOT.wpd

1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
 ) Case No. 13-19450
THEODORE C. MAZOLA, ) Chapter 11
 ) Judge Donald R. Cassling
 )
Debtor/Debtor-in-Possession. )

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment: <u>June 19, 2013</u>  (Retroactive to May 8, 2013)

Period for Which Compensation
is Sought: From: <u>April 1, 2014</u>  through <u>February 28, 2015</u>

Amount of Fees Sought: <u>$108,412.50</u>

Amount of Expense
Reimbursement Sought: <u>$2,691.21</u>

This is a(n): Interim Application __   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 5/8/2014 | 4/8/13-3/31/14 | $70,923.64 | $70,923.64 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtor's Counsel received a pre-petition advance payment retainer from the Debtor in the amount of $40,000.00. This pre-petition retainer was credited against the first allowance of interim fees and expenses allowed by this Court to Debtor's Counsel.**

Date: March 27, 2015

Applicant:  David K. Welch and the firm
Crane, Heyman, Simon, Welch & Clar

By: <u>/s/David K. Welch</u>
Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 13-19450
THEODORE C. MAZOLA, ) Chapter 11
) Judge Donald R. Cassling
)
Debtor/Debtor-in-Possession. )

**MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT
OF EXPENSES TO DEBTOR'S COUNSEL
AND FOR RELATED RELIEF**

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), Counsel to Theodore C. Mazola, Debtor and Debtor in Possession herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Second Allowance of Interim Compensation and Reimbursement of Expenses and For Related Relief for legal services rendered and expenses incurred during the period April 1, 2014, through February 28, 2015; and in support thereof, state as follows:

**Introduction**

1. On May 8, 2013, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating his business and managing his financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. On June 19, 2013, this Court entered an Order authorizing the Debtor to retain CHSWC as his Counsel in this Chapter 11 case retroactive to May 8, 2013, with compensation

1

subject to the further Order of this Court.

4.  By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $108,412.50 and $2,691.21, respectively, for legal services rendered to the Debtor during the period April 1, 2014, through February 28, 2015. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.  CHSWC has received one prior allowance of interim compensation and expenses in this Chapter 11 case in the aggregate amount of $70,923.64 ("First Allowance"). The pre-petition retainer of $40,000.00 received by CHSWC was applied by CHSWC to the First Allowance. CHSWC also requests that this Court approve the First Allowance under Section 330 of the Bankruptcy Code.

6.  CHSWC has voluntarily reduced its interim fee request by $3,528.00 to account for more than one (1) attorney rendering duplicative legal services. Attached to this Motion as **Exhibit C** is an itemization of the legal services that have been eliminated from this interim fee request.

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

8.  The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

**Relevant Background**

9. The Debtor owns and develops real estate and, in doing so, has interests in certain companies that are also in the real estate business.

10. The Debtor and others are guarantors of two (2) mortgage loans to First Merit Bank, N.A. ("Bank") in the original aggregate principal amount of approximately $24,000,000.00 ("Mortgage Loans"). The borrower of the Mortgage Loans is North Melrose Development, LLC, ("NMD") an entity owned and controlled, in part, by the Debtor. NMD defaulted on the Mortgage Loans well before the Petition Date. The collateral for the Mortgage Loans is the property owned by NMD and commonly known as 8305 W. North Avenue, Melrose Park, Illinois.

11. For some time prior to the filing of this Chapter 11 case, the Debtor was a defendant in certain litigation brought by the Bank in the Circuit Court of Cook County, Illinois ("State Court Litigation"). The State Court Litigation was brought by the Bank against the Debtor and others to foreclose on the Mortgage Loans and to recover for loans made by the Bank which were personally guaranteed by the Debtor.

12. The Debtor attempted to settle the claims made against him by the Bank in the State Court Litigation. Despite these settlement efforts by the Bank, Debtor and others, a settlement was not consummated thereby triggering the filing of this Chapter 11 case.[1]

13. The Bank and the Debtor have been embroiled in litigation in this Court over the Bank's Claim. The Bank and the Debtor have also filed Competing Plans and Disclosure

---

[1] August P. Mauro, one of the other guarantors to the Bank, has also filed a Chapter 11 case for the same reason, which is pending in this Court, case number 13-19447.

Statements.

14. On February 25, 2015, this Court entered on Order approving a settlement of all disputes between the Debtor and the Bank. As a result of this settlement, the Debtor is able to dismiss this Chapter 11 case.

**Interim Compensation
and Expenses Requested**

15. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CHSWC is comprised of five (5) members, two (2) associates, and two (2) "of counsel" attorneys, some of whom have participated in representing the Debtor in this bankruptcy case.

16. The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor. Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

17. DAVID K. WELCH is a member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the

Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

18.     ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters,

5

including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

19.    BRIAN P. WELCH is an associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in 2008. While in law school, he was a member of The John Marshall Law Review and served on the The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national inter-scholastic competitions, including the Hon.

Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar Association, and the Illinois State Bar Association. He has been published in various local and national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual Survey of Bankruptcy Law, Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).

Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases", Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Unconscionable Amateurism: How the NCAA Violates Anti-Trust by Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

20.  The hourly rates usually charged by CHSWC in matters of this nature are as follows:

| Attorney | Hourly Rates |
|---|---|
| Eugene Crane (EC)[2] | $495.00 |
| Glenn R. Heyman (GRH) | $495.00 |
| Arthur G. Simon (AGS) | $495.00 |
| David K. Welch (DKW) | $495.00 |
| Scott R. Clar (SRC) | $495.00 |
| Jeffrey C. Dan (JCD) | $420.00 |

---

[2] These are the abbreviations utilized in the Exhibits to this Motion.

7

| | |
|---|---|
| John H. Redfield (JHR) | $395.00 |
| Thomas W. Goedert (TWG) | $430.00 |
| Brian P. Welch (BPW) | $300.00 |

21. The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtor during the relevant period:

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| Arthur G. Simon | 52.80 | $24,799.50 |
| David K. Welch | 156.70 | $75,933.00 |
| Brian P. Welch | 30.70 | $ 7,680.00 |
| **Total** | **240.20** | **$108,412.50** |

22. During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $2,691.21. These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

23. The representation of the Debtor is categorized in this Motion as follows:

A. **General Administration**

The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                    **13.20 hours**

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| Arthur G. Simon | 1.00 | $   495.00 |
| David K. Welch | 10.80 | $ 5,346.00 |
| Brian P. Welch | 1.40 | $   420.00 |
| **TOTAL** | **13.20** | **$ 6,261.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

    B)    **First Merit Bank Issues**

        Despite the Debtor's efforts both before and after the filing of this Chapter 11 case to settle the issues involving the Bank, virtually everything in this case has been met with opposition from the Bank or otherwise has been adversarial with the Bank. The Bank has battled with the Debtor's former Counsel over subpoenaed document production and then withdrew its motion to compel. The Bank filed a meritless motion for the appointment of a trustee which was denied by this Court without a hearing. The Bank has opposed extensions of Plan and solicitation exclusivity. The Bank has refused to respond to legitimate discovery relating to the Debtor's objection to its claim. This Court denied the Bank's motion for protective order relating to such discovery. The Bank sought to strike the Debtor's reply brief relating to the Bank's response to the Debtor's objection to its claim. This Court also denied this Motion to Strike.

        The litigation over the Debtor's objection to the Bank's claim was pending in this Court until this Court approved the settlement between the Bank and the Debtor. The Bank also filed competing Plan of Liquidation and supporting Disclosure Statement. While the parties were battling over objections to the respective Disclosure Statements, the Bank and the Debtor were able to settle their disputes.

**Total Time Expended**                        **142.90 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 43.80 | $20,889.00 |
| David K. Welch | 75.00 | $36,234.00 |
| Brian P. Welch | 24.10 | $ 6,000.00 |
| **TOTAL** | **142.90** | **$ 63,123.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

9

C) **Other Creditor Issues**

The Debtor has a significant number of creditors and substantial guaranty obligations to several Banks. Negotiations have occurred with these other creditors with respect to their claims. The guaranty by the Debtor of the Leaders Bank debt was reaffirmed pursuant to an Order entered by this Court.

**Total Time Expended**                                    3.10 hours

| Attorney       | Hours | Amount     |
|----------------|-------|------------|
| David K. Welch | 3.10  | $1,534.50  |
| **TOTAL**      | 3.10  | $1,534.50  |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

D) **Chapter 11 Exit Strategy/Competing Plans**

At the request of the Debtor and, at times, over the objection of the Bank, the exclusive periods relating to the filing of a Plan and the solicitation of votes on the Plan have been extended pursuant to Orders entered by this Court. The Debtor filed a Plan of Reorganization and supporting Disclosure Statement. The Bank also filed a competing Plan of Liquidation and supporting Disclosure Statement. All of the issues with the Competing Plans are resolved and moot as a result of the settlement between the Bank and the Debtor.

**Total Time Expended**                                    81.00 hours

| Attorney         | Hours | Amount      |
|------------------|-------|-------------|
| Arthur G. Simon  | 8.00  | $ 3,415.50  |
| David K. Welch   | 67.80 | $32,818.50  |
| Brian P. Welch   | 5.20  | $ 1,260.00  |
| **TOTAL**        | 81.00 | $37,494.00  |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

10

24. The Debtor has sufficient cash resources to pay the interim fees and expenses requested by CHSWC.

**Request For Related Relief**

25. CHSWC requests that this Court also approve the First Allowance under Section 330 of the Bankruptcy Code.

**Conclusion**

26. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.

27. CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

28. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

29. CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, request the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $108,412.50 and $2,691.21, respectively; approving the First Allowance under Section 330 of the Bankruptcy Code; and granting such other relief as may be just and appropriate.

>Respectfully Submitted,

>DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

>By: /s/David K. Welch

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq.(Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Brian P. Welch, Esq. (Atty No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705, Chicago, IL 60603
TEL: (312) 641-6777 FAX: (312) 641-7114
W:\GRACE\Ted Mazola\Pay CHSWC No. 2..FINAL.MOT.wpd